January 16, 1939

Hon. Merritt F. Hines
County Attorney
Midland County
Midland, Texas

Dear Sir:

Opinion No. 0-91
Re: Chief deputies for Sher-
iffs and Assessors and
Collectors

Your letter of January 10, 1939, in regard to
chief deputies for Sheriffs and Assessors and Collectors
in counties of a population of less than 10,000 inhabitants
was duly received by this office.

We interpret your question to be whether or not
in counties having a population of less than 10,000 in-
habitants, such as Midland County, in which the Sheriff is
also the Assessor and Collector of Taxes, is such officer
entitled by virtue of Article 3902 of Revised Civil Statutes
of Texas to two chief deputies at a salary of $1800.00 per
annum, on the ground that these are two offices, or is he
entitled to only one chief deputy?

The combining of the office of Sheriff and the
office of Assessor and Collector is provided for in Article
VIII, Section 16, of the Constitution of Texas, as follows:

"The sheriff of each county in addi-
tion to his other duties shall be the
Assessor and Collector of Taxes therefor;
but, in counties having ten thousand
(10,000) or more inhabitants, to be de-
termined by the last preceding census of
the United States, an Assessor and Col-
lector of Taxes shall be elected to hold
office for two (2) years and until his
successor shall be elected and qualified.
(Sec. 16, Art. 8, adopted election Nov. 8,
1932."

This combined office is also provided for in Article 7246, of the Revised Civil Statutes of Texas, as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the Assessor and Collector of Taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of an assessor and collector of taxes elected." (As amended Acts 1933, 43d Leg., p. 598, ch. 167, § 2).

We now come to the question as to how Article 3902, which provides for chief deputies for officers in counties of this size, applies to the combined office of Sheriff and Assessor and Collector. Article 3902, in part, says:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies."***

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each."

It will be noticed that the first sentence of Article 3902 says: "Whenever any district, county or precinct officer shall require the services of deputies *** he shall apply to the County Commissioners' Court***" By the use of the word "officer" instead of the word offices, and by the use of the word "he", it indicates that the deputy is for the officer and not for the office or offices. That being true, as there is only one officer in this instance, the combined officer of Sheriff and Assessor and Collector, there would only be one chief deputy.

There is another and perhaps a stronger reason why the Sheriff and Assessor and Collector is entitled to only one chief deputy. The reasoning in the above paragraph is based on the theory that the one chief

deputy goes with one officer, and as there is only one officer, there can be only one chief deputy; but the conclusion is the same if we decide that there is a chief deputy to "each office" instead of "each officer". The Sheriff and Assessor and Collector of Midland County, and all other such counties, is one office and not two. As we have seen the Constitution of Texas provides that the same person shall hold the combined positions; and the Constitution in Article XVI, Section 40, provides that no person shall hold two offices. Therefore, this is bound to be one office. Article XVI, Section 40, in part, says:

> "No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster."

Several other offices are listed in the exceptions, but Sheriff or Assessor and Collector are not mentioned. In a discussion of this section of the Constitution, in the case of Kugle v. Glen Rose Independent School District, 50 S. W. (2d) 375, it was said:

> "Our Constitution provides that no person shall hold or exercise, at the same time, more than one civil office of emolument except in certain cases therein named." * * *

> "***We are of the opinion that he could not legally hold both offices and that when he qualified as county tax collector he automatically forfeited his right to the office of collector for the school district."

Discussing the same section, the Commission of Appeals of Texas, in an opinion by Judge Taylor, in the case of Odem vs. Sinton Independent School District, 234 S. W. 1090, said:

> "It is clear that Cellum could not hold his office as city assessor and collector, and at the same time act as de facto assessor and collector of the school district. The Constitution prohibits the holding and exercise of two such offices. Section 40, art. 16, Constitution of Texas. He could not hold or exercise both offices in either a de jure or de facto capacity."

Our conclusion is that by virtue of the Constitution this is only one office.

Our answer to your question is that in counties hav-

ing a population of less than 10,000 inhabitants the Sheriff and Assessor and Collector of Texas is entitled, under Article 3902 to only one chief deputy at a salary of $1800.00 per annum.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
                Assistant

CCR:MR

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS